### ALFRED CHAPMAN, ET AL., *v.* J. M. BIGGER.

**Purchaser at Judicial Sale.**

 A purchaser at a judicial sale of real estate not colluding with the plaintiff, and not a party to any fraud, and not having notice of any, is not affected by the fraud of others in bringing about the sale.

**Notice of Fraud in Judicial Sale.**

 Where land sold at a judicial sale is in the adverse possession of others; and although worth about eight dollars per acre is sold for less than one dollar per acre and the purchaser aided in procuring the judgment upon which the sale took place, such a sale will be set aside as against the purchaser and the plaintiff; but the chancellor should adjudge a lien on the land in favor of the purchaser for the purchase money and amount of costs and expenses incurred in defending his title.

### APPEAL FROM McCRACKEN COURT OF COMMON PLEAS.

September 21, 1880.

OPINION BY JUDGE PRYOR:

The question of jurisdiction cannot affect the rights of the parties, as appellants have sought the aid of the same court in relieving them as against the purchaser from a sale resulting, as the proof conduces to show, in a sacrifice of their estate. The executors, who were non-residents, as well as the non-resident heirs, had been proceeded against by constructive service. The claim of O. Barnum's representatives was established and the land sold for the payment of the debt. One of the heirs or devisees was living in this state at the time this judgment was rendered, and there were other irregularities contained in the proceedings that made the case full of error. This, however, did not affect the rights of the purchaser, unless it can be made to appear that he was so far connected with the proceeding as to make him in effect a party to it. We concur in the conclusion arrived at by the court below that there is no evidence of fraud on the part of either the purchaser or the plaintiffs in the original action; and, so far as the purchaser is concerned, he seemed to have acted in the best of faith. Still, it appears that he was representing the attorneys for the plaintiffs at the time the judgment was rendered, and having purchased the land the sale should have been set aside.

The land at the time the sale was made was in the adverse possession of others, and although of the value of eight or ten dollars

an acre was sold for less than one dollar. This was attributed, no doubt, to the adverse holding by strangers, and is of itself sufficient to authorize the chancellor to interfere as against the original plaintiffs. As the purchaser aided in procuring the judgment, although in good faith, the irregularities in the proceedings must also affect him. It was proper, however, for the court, as against the heirs who had asked that the purchaser be divested of title, to place the purchaser in the condition he was before the sale.

He was entitled to a lien on the land for his purchase money and interest, and also an allowance for his costs and expenses connected with the defense of the action to set aside the sale. The chancellor had the right to place the appellants on terms. In the case of *Forman v. Hunt,* 3 Dana 614, the conduct of the purchaser being unexceptionable, he was entitled to his costs and expenses incurred in making the purchase and in resisting the motion to set the sale aside, to be assessed upon the liberal principles allowed between lawyer and client. *Stump v. Martin,* 9 Bush 285.

The court below acted properly in setting aside the sale and in giving to the appellee a lien for the money paid by him under his purchase, and his costs and expenses. Whether an attorney's fee ought to be allowed should depend upon the circumstances affecting its justice and equity in each case.

Judgment *affirmed* on original and cross-appeal.

*P. D. Geiser, for appellants.   J. M. Bigger, for appellee.*

